IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE RUGER MOFFETT, # 212445, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 3:09cv922-TMH (WO) |
| DAVID WISE, *et al.*, | ) ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.   INTRODUCTION AND PROCEDURAL HISTORY

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

brought by a person in custody under a judgment of a court of the State of Alabama.  The

petitioner, Willie Ruger Moffett[1] ("Moffett"), challenges his 2007 convictions by a jury in

the Russell County Circuit Court, for second-degree assault in violation of § 13A-6-21(a)(4),

Ala. Code 1975, and resisting arrest in violation of § 13A-10-41, Ala. Code 1975.  On

February 13, 2007, the trial court sentenced Moffett as a habitual offender to 22 years in

prison for the second-degree-assault conviction and to 12 months in prison for the resisting-

---

[1]There may be a typographical error in the petitioner's name as it appears on the form he used in applying for habeas relief.  On the form, which was filled in using a typewriter, the petitioner's name appears as "Willie Ruger Moffett."  However, in the related state court proceedings involving the petitioner, his name appears as "Willie Roger Moffett" or "Willie Rodger Moffett."

arrest conviction, with the sentences ordered to run consecutively.[2]

Moffett appealed his convictions.  His appellate counsel filed a no-merit, "*Anders* brief"[3] asserting that she had thoroughly reviewed the record and had concluded that an appeal in Moffet's case would be frivolous.  *Exhibit B*.  Moffett was afforded an opportunity to submit *pro se* issues for review on appeal, and did so in a brief where he asserted claims that (1) the trial court erred by denying his discovery motion regarding the videotape of his arrest; (2) the State failed to give proper notice of its intent to introduce Ala.R.Evid. 404(b) evidence of other crimes, wrongs, or acts; and (3) the trial court erred in denying his motion for a judgment of acquittal.  *Exhibit D*.

On December 7, 2007, the Alabama Court of Criminal Appeals affirmed Moffett's convictions in an unpublished opinion, finding that "[a]fter thoroughly reviewing the record and the appellant's *pro se* issues, we have not found any error that requires reversal." *Exhibit E*.  Moffett did not file an application for rehearing.  On December 27, 2007, the Alabama Court of Criminal Appeals issued a certificate of judgment.  *Exhibit F*.

On January 30, 2008, Moffett filed a *pro se* state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, in which he presented the following

---

[2]Because the 12-month sentence imposed for resisting arrest exceeded the authorized statutory maximum, the trial court later amended the sentence for that conviction to a term of 6 months, to run consecutively to the 22-year sentence imposed for second-degree assault.  *See* § 13A-10-41(b), Ala. Code 1975, and § 13A-5-7(a)(2), Ala. Code 1975.  *Exhibits J and K* (unless otherwise indicated, all references to exhibits in this Recommendation are to Respondents' Exhibits).

[3]*See Anders v. California*, 386 U.S. 738 (1967).

claims:

1.   He did not commit any offense, because there was no probable cause for the police to stop him; thus, his conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest.

2.   His conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defense, specifically, the videotape of his arrest; further, his appellate counsel was ineffective because she failed to argue on direct appeal that the State violated his due process rights by destroying the videotape.

3.   He was denied effective assistance of counsel because his lawyer (a) failed to move for dismissal of the charges when there was insufficient evidence presented against him and (b) failed to obtain the videotape of his arrest.

*Exhibit G, pp. 15-23 and 30-35.*

After receiving a response from the State, the trial court entered an order denying Moffett's Rule 32 petition on August 8, 2008. *Exhibit G, pp. 44-45.* Regarding Moffett's claims, the trial court found that (1) Moffett resisted a valid arrest pursuant to commission of a traffic offense and an outstanding criminal warrant, and no physical evidence was obtained from Moffett as a result of his arrest; (2) Moffett did not factually support his claim that the prosecution withheld evidence favorable to the defense; and (3) Moffett's claim regarding ineffective assistance of counsel was procedurally barred, because the claim was not raised in a motion for new trial or on direct appeal, and, in any event, the claim was false, because Moffett's trial counsel did in fact move for dismissal of the charges at the conclusion

of the State's evidence, based on the State's alleged failure to prove the elements of the offenses with which Moffett was charged.  *Id*.

Moffett appealed from the denial of his Rule 32 petition, raising the following claims:

1.    He was innocent of the charge of resisting arrest, as the State failed to meet its burden of proving he committed the offense.

2.    His appellate counsel was ineffective because she filed a no-merit, *Anders* brief on direct appeal instead of arguing that the State violated his due process rights by destroying the videotape of his arrest.

3.    The trial court abused its discretion in denying his Rule 32 petition by ruling that his claim of ineffective assistance of counsel was barred because it was not raised in a motion for new trial or on direct appeal.

*Exhibit H*.

On April 24, 2009, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed the trial court's denial of Moffett's Rule 32 petition.  *Exhibit L*. The appellate court's memorandum opinion reads, in pertinent part, as follows:

Moffett first alleges that the State did not meet its burden of proof in charging him with resisting arrest.  This claim was not presented in the court below and is not properly before this Court for review.  "An appellant cannot raise an issue on appeal from the denial of Rule 32 petition which was not raised in the Rule 32 petition."  *Arrington v. State*, 716 So. 2d 237, 239 (Ala. Crim. App. 1997).

Next Moffett claims that his appellate counsel was ineffective for failing to raise on appeal the destruction of the videotape of the incident.  On appeal, Moffett's court appointed counsel filed a no-merit brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  Counsel need not raise and address each and every possible issue on

appeal to render effective assistance of counsel. *Johnson v. State*, 612 So. 2d 1288, 1303 (Ala. Crim. App. 1992). As the United States Supreme Court stated in *Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L. Ed 2d 281 (1988), "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Here, Moffett has failed to show bad faith on the part of the police. The prosecutor said at trial: "Your Honor, for the record, I have requested the tape for Mr. Bernard [defense counsel], and apparently it's been taped over or otherwise doesn't exist. They cannot find it." (Original R. 37) On cross-examination, the police officer testified at trial: "I don't recall on that day if the camera was working because in the vehicle that I had before my new vehicle, I had several problems with my camera. I don't actually recall if that tape was working at that time. I do recall my supervisor viewing a tape, but I don't know how much of the tape was actually working at the time." (Original R. 36) Therefore, whether the video tape had been taped over, could not be found, or the camera did not tape the whole incident, there was no bad faith shown on the part of the police in not producing the videotape of the incident.

Finally, Moffett claims that the circuit court erred in ruling that his claim of ineffective assistance of counsel was barred. We note the same judge who ruled on this Rule 32 petition was also the trial judge in the original convictions. In his order of dismissal, Judge Greene stated:

> "Petitioner asserts that trial counsel failed to object that there was not any evidence to convict him. This is a false claim. Defense Counsel at the conclusion of the State's presentation of the evidence at trial moved for a dismissal of the charges against the Defendant for failure of the State to prove the elements of the offenses with which Defendant was charged. This motion was denied."

Apparently, he found no merit in the ineffectiveness assistance of counsel claims that Moffett presented. While the trial court's statement that the issue was not reviewable on appeal is not correct, we will affirm the ruling if it is correct for any reason. *Sumlin v. State*, 710 So. 2d 941 (Ala. Crim. App. 1998).

The judgment of the trial court dismissing the Rule 32 petition is

proper, and that judgment is due to be affirmed.

*Exhibit L, pp. 3-6.* Moffett filed an application for rehearing, which was overruled on May 22, 2009. *Exhibits M and N.* On August 14, 2009, the Alabama Supreme Court denied Moffett's petition for writ of certiorari and issued a certificate of judgment. *Exhibits O and P.*

On August 28, 2009, Moffett initiated this 28 U.S.C. § 2254 action by filing a habeas petition in which he asserts the following claims:

1.  There was no probable cause for the police to stop him, and therefore he did not commit the offense of resisting arrest.

2.  His appellate counsel was ineffective because she filed an *Anders* brief on direct appeal and failed to argue that the State violated his due process rights by destroying the videotape of his arrest.

3.  The trial court abused its discretion in denying his Rule 32 petition by ruling that his claim of ineffective assistance of counsel was barred because it was not raised in a motion for new trial or on direct appeal.

*Moffett's § 2254 Petition - Doc. No. 1, pp. 6-7.*

The respondents argue that Moffett's habeas claims that (1) there was no probable cause for police to conduct a stop, and therefore he did not commit the offense of resisting arrest, and (2) the trial court abused its discretion in ruling that his claim of ineffective assistance of counsel was barred because it was not raised in a motion for new trial or on direct appeal are procedurally defaulted because they were not properly raised in the state

6

courts. *Respondents' Answer - Doc. No. 11, pp. 8-11.* Specifically, the respondents argue that while Moffett presented these two claims in his Rule 32 petition and in his brief on appeal from the denial of his Rule 32 petition, he did not raise either claim in his application for rehearing filed with the Alabama Court of Criminal Appeals (upon that court's affirmance of the trial court's denial of his Rule 32 petition) or in the petition for writ of certiorari that he subsequently filed with the Alabama Supreme Court. *Id. at pp. 9-10.* Thus, the respondents maintain that Moffett failed to properly exhaust these claims in the state courts. *Id.* The respondents further argue that because Moffett cannot return to the state courts to litigate and exhaust these claims (as they would be procedurally barred under state rules), the claims are procedurally defaulted for the purpose of federal habeas review. *Id.*

With regard to Moffett's claim that his appellate counsel was ineffective because she filed an *Anders* brief and failed to argue on direct appeal that the State violated his due process rights by destroying the videotape of his arrest, the respondents argue that Moffett properly exhausted this claim in the state courts, and that the claim was properly adjudicated on the merits by the state courts and thus does not entitle Moffett to federal habeas corpus relief. *Respondents' Answer - Doc. No. 11, pp. 11-15.*

The matter is now before this court on Moffett's § 2254 petition, the respondents' answer, responses and exhibits filed by the parties, the state court records, various appellate briefs filed by the parties, and opinions and orders of the state appellate courts. Upon a careful review of the petition and record, this court finds that an evidentiary hearing is not

warranted on the issues, *see* 28 U.S.C. § 2254(e)(2), and concludes that the petition should be denied.

## II.   DISCUSSION

### A.   *Procedural Default*

The respondents correctly argue that Moffett's habeas claims that (1) there was no probable cause for police to conduct a stop, and therefore he did not commit the offense of resisting arrest, and (2) the trial court abused its discretion in ruling that his claim of ineffective assistance of counsel was barred from review are procedurally defaulted because they were not properly raised in the state courts and no state remedy remains by which Moffett may present such claims.  Although Moffett presented these claims in his Rule 32 petition and in his brief on appeal from the denial of his Rule 32 petition, he failed to present either claim in his application for rehearing filed with the Alabama Court of Criminal Appeals or in the petition for writ of certiorari that he later filed with the Alabama Supreme Court.  *See Exhibits M and O*.  Therefore, he failed to properly exhaust the claims in the state courts.  Before this court may reach the merits of a habeas petitioner's claims, the petitioner must exhaust the remedies available in state court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary.  *Id*. at 845; *see Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003)

("Nothing in *Boerckel's* reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals."); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule.").

No state remedy remains by which Moffett may now present his unexhausted claims, because any attempt by Moffett to exhaust these claims in state court would now be barred by applicable state procedural rules. It is too late for Moffett to file an application for rehearing or a petition for certiorari review presenting these claims, and another Rule 32 petition asserting these claims would be barred as a successive petition, *see* Ala.R.Crim.P. 32.2(b) and 32.2(d), as well as an untimely petition, *see* Ala.R.Crim.P. 32.2(c). "It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure ... constitutes a procedural bar." *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005). *See Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when a petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted); *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile."); *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted

claims would be procedurally barred in state court due to a state-law procedural default, [federal courts must] ... treat those claims now barred by state law as [procedurally defaulted with] no basis for federal habeas relief."). Moffett's claims are procedurally defaulted.

This court may reach the merits of Moffett's procedurally defaulted claims "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977) ].... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*." *Henderson*, 353 F.3d at 892.

### 1.    Cause and Prejudice

"To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id*.; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir. 2002).

*Henderson*, *supra*, 353 F.3d at 892.

"For cause to exist, an external impediment, whether it be governmental interference

or the reasonable availability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991).  Moffett fails to meet his burden of establishing cause for his procedural default.  Moffett suggests as cause for his failure to exhaust his claims that his trial and appellate counsel rendered ineffective assistance by failing to obtain or pursue the videotape of his arrest.  *Doc. No. 15, p. 3*.  However, his counsel's alleged ineffectiveness in this regard is clearly unrelated to his failure to raise his claims in his application for rehearing or in the petition for certiorari review in the appellate proceedings from the denial of his Rule 32 petition.  Consequently, Moffett fails to overcome the procedural default of his claims.  Nevertheless, this court may still reach the merits of procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

## 2.    "Fundamental Miscarriage of Justice" Standard

A federal court may grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice.  *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986).  A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.  *See Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The miscarriage of justice standard is directly linked to actual innocence.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider

constitutional claims which are defaulted.  *Id.* at 315.  This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496; *Schlup v. Delo*, *supra*.  "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.'  *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  The standard exacted by *Schlup* "is demanding and permits review only in the '"extraordinary'" case."  *House v. Bell*, 547 U.S. 518, 538 (2006).  Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims."  547 U.S. at 537.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)."  *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").  *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare....  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  513 U.S. at

12

324.

Moffett fails to make the requisite showing, and indeed makes no attempt to do so. He makes only the most conclusory assertion that he is innocent of the crimes of which was convicted.  *See Doc. No. 15, p. 3.*  He presents no evidence – nor suggests that any exists – that could satisfy the difficult standard set forth in *Schlup*.  Consequently, his procedurally defaulted claim is foreclosed from federal habeas review.

**B.    *Claim Adjudicated on Merits by State Courts***

Moffett's habeas claim that his appellate counsel was ineffective because she filed an *Anders* brief and failed to argue on direct appeal that the State violated his due process rights by destroying the videotape of his arrest was properly exhausted in the state courts and was adjudicated on the merits by the state courts.  To prevail on his § 2254 claim adjudicated on the merits by the state courts, Moffett must show that a decision by the Alabama state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) and (2);[4] *see Williams v. Taylor*, 529 U.S. 362, 404-05 and 412-13

---

[4]28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(continued...)

(2000). A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (citing *Williams*, 529 U.S. at 409). It is the objective reasonableness, not the correctness *per se*, of the state court decision that this court must decide. *See Williams*, 529 U.S. at 411; *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). "Under §  2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-

---

[4](...continued)

> (1)   resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

> (2)   resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411. Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003). The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)." *Id*. at 636. Additionally, a state court's summary rejection of a federal constitutional issue qualifies as an adjudication on the merits under § 2254(d), so that the summary rejection is entitled to the same deference as a written opinion. *See Wright v. Sec. of Dept. Of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002).

The proper standard for evaluating a claim that appellate counsel was ineffective for failing to file a merits brief is the same as the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984).[5] *See Smith v. Robbins*, 528 U.S. 259, 285 (2000).

---

[5] *Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the clearly established federal law as to claims of ineffective assistance of counsel. Under *Strickland*, a petitioner must satisfy the
(continued...)

Therefore, a petitioner raising such a claim must "first show that his counsel was objectively unreasonable in failing to find arguable issues to appeal – that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Smith*, 528 U.S. at 285 (internal citation omitted). The petitioner must then show that there is a "reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on this appeal." *Id.*; *see also Johnson v. Alabama*, 256 F.3d 1156, 1175-76 (11th Cir. 2001) ("The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong' of a *Strickland* claim, and both prongs must be proved to prevail.").

Although the Alabama Court of Criminal Appeals did not mention *Strickland*, or any comparable case, in its analysis of Moffett's claim of ineffective assistance of appellate counsel, recognition by the state appellate court of the proper analysis is clear from a reading of its decision. *See Early v. Packer*, 537 U.S. 3, 8 (2002) ("Avoiding there pitfalls does not require citation to our cases – indeed it does not even require awareness of our cases, so long

---

[5](...continued)
requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel. First, the petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland* 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* Once this threshold test is met, the petitioner must then show that the deficient performance of his counsel prejudiced his defense. *Id.* at 687. To establish prejudice, the petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Unreliability or unfairness does not result if counsel's ineffectiveness does not deprive the defendant of any substantive or procedural right to which the law entitles him. *See Williams v. Taylor*, 529 U.S. at 393 n.17 (2000).

as neither the reasoning nor the result of the state-court decision contradicts them."). The Alabama Court of Criminal Appeals found from a review of the record that Moffett failed to show bad faith on the part of the police in failing to preserve and produce the videotape of Moffett's arrest. *Exhibit L, pp. 4-5.* Therefore, Moffett did not meet his burden of showing that his appellate counsel was objectively unreasonable in failing to assert this claim on direct appeal, or that there was a reasonable probability he would have prevailed on appeal had his counsel asserted this claim. *See Strickland.*

For the same reasons found by the Alabama Court of Criminal Appeals, the undersigned finds that Moffett is not entitled to relief on the basis of his claim of ineffective assistance of appellate counsel. With respect to this claim, Moffett has failed to establish under the "contrary to" clause of § 2254(d)(1) that the Alabama Court of Criminal Appeals applied a rule that contradicts the governing law as set forth in Supreme Court case law, or that the state court decided the case differently than the Supreme Court did in a previous case presenting a set of materially indistinguishable facts. Likewise, he has failed to establish under the "unreasonable application" clause that the state court, though recognizing the correct governing principles from the Supreme Court's decisions, unreasonably applied those principles to the facts in this case. Moreover, Moffett has failed to establish entitlement to relief under § 2254(d)(2) by showing that the decision of the Alabama Court of Criminal Appeals was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This court must presume as correct the

determinations of all factual issues made by the state court.  28 U.S.C. § 2254(e).  Moffett has not rebutted that presumption of correctness by clear and convincing evidence. Therefore, his request for habeas relief on the basis of this claim is due to be denied.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Moffett be DENIED.

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before July 19, 2011**.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 29th day of June, 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE